Case 4:20-cv-02511   Document 4   Filed on 07/29/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY WADE BROOKS, II, <br> (SPN #02753347) <br>     Plaintiff, <br><br> vs. <br><br> GREG ABBOTT, *et al.,* <br><br>     Defendants. | § § § § § § § § § § | CIVIL ACTION H-20-2511 |

### MEMORANDUM ON DISMISSAL

Gregory Wade Brooks, II, an inmate of the Harris County Jail ("HCJ"), sued in July 2020, alleging civil rights violations resulting from medical malpractice. Brooks, proceeding pro se and in forma pauperis, sues Greg Abbott, Governor of the State of Texas; the HCJ; and the HCJ infirmary.

The threshold issue is whether Brooks's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.    Brooks's Allegations**

Brooks complains of malpractice relating to the treatment of COVID-19. Brooks seeks $500.00 per second, with payment in gold.

**II.   Analysis**

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Brooks's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. A national prisoner index shows that he has filed at least thirty more lawsuits in the Southern District, with the most recent being July 27, 2020. Prior to filing this action, he had at least three suits dismissed as frivolous. *Brooks v. Harris Cnty. Jail,* 4:18cv2076 (dismissed as malicious on July 16, 2018)(S.D. Tex.); *Brooks v. Harris Cnty. Jail,* 4:18cv1408 (dismissed as malicious on May 8, 2018)(S.D. Tex.); and *Brooks v. Harris Cnty. Jail,* 4:18cv1219 (dismissed for failure to state a claim on April 23, 2018)(S.D. Tex.). Brooks provides no evidence that he is in imminent danger of any serious physical injury. A speculative possibility of danger does not suffice to show Brooks is in imminent danger. To overcome the sanction bar imposed against him, Brooks must show that he is actually in imminent danger at the time that he seeks to file his suit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam opinion following *Banos*). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996). In his complaint, Brooks states, "malpractice, COVID-19, Coronavirus, Help!!" (Docket Entry No. 1, p. 4). Brooks's vague and general allegations are insufficient to show that he is in imminent danger of serious physical injury.

In the present case, Brooks has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Brooks is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

**III.   Conclusion**

Brooks's motion to proceed as a pauper, (Docket Entry No. 2), is DENIED. The complaint

filed by Gregory Wade Brooks, II, (SPN #02753347), is DISMISSED under 28 U.S.C. § 1915(g).[1]

All pending motions are DENIED. Brooks is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on ___July 29___, 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.